[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION AND JUDGMENT ENTRY
* * * * *
This matter is before the court on appeal from the Erie County Court of Common Pleas. Pursuant to 6th Dist.Loc.App.R. 12, this case is hereby assigned to the accelerated calendar.
On June 11, 1997, appellant Johnny Grover Mack, III, entered pleas of guilty to possession of a dangerous ordinance in violation of R.C. 2923.17(A) and burglary in violation of R.C.2911.12(A)(2). The trial court sentenced Mack to six months imprisonment for possession of a dangerous ordinance and two years imprisonment for burglary, with these terms to run consecutively. Additionally, appellant was informed that the parole board could increase his sentence up to fifty percent should he commit a crime in prison and, if he violated post-release control conditions, he could be subjected to the imposition of an additional time sanction.
According to the record before us, appellant has not yet had his prison sentence extended pursuant to R.C. 2967.11, which provides for "bad time," or has he had any time imposed under R.C.2967.28, the statute which provides for the imposition of sanctions for violating post-release control conditions. He now appeals setting forth five assignments of error challenging the constitutionality of R.C. 2967.11 and R.C. 2967.28.
Appellant's five assignments of error are found not well-taken on the authority of this court's decision in State v.Somerlot, et al. (Jan. 23, 1998), Erie App. No. E-97-002, unreported. Accord, State v. Davis (Dec. 31, 1997), Miami App. No. 97-CA-17, unreported.
The judgment of the Erie County Court of Common Pleas is affirmed. Court costs of this appeal assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _______________________________ George M. Glasser, J.
JUDGE
 _______________________________ Melvin L. Resnick, J.
JUDGE
 ______________________________ James R. Sherck, J.
JUDGE
CONCUR.